UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 15-CIV-60995-BLOOM/Valle**

MOSHE NAFTALI,

    Plaintiff,
v.

THOMAS CAPASSO, NATIONSTAR
MORTGAGE, LLC,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on Defendant Nationstar Mortgage LLC's Motion to Dismiss, filed under Fed. R. Civ. P. 12(b)(6), ECF No. [15], Defendant Thomas Capasso's Motion to Dismiss, filed under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), ECF No. [18], and Plaintiff's Emergency Motion for a Temporary Restraining Order and/or Stay, ECF No. [26]. The Court is fully advised after careful review of the Motions, the record, the parties' briefs, and the applicable law.

    **I.**    **Background**

On August 18, 2010, Defendant Nationstar Mortgage LLC ("Nationstar") instituted a foreclosure action in the Seventeenth Judicial Circuit Court of Broward County against Plaintiff. *See* ECF No. [15-1] at 3.[1] On August 19, 2014, the state court entered a final judgment of foreclosure. *See id.* The foreclosure sale was originally scheduled for December 18, 2014, but on December 15, 2014, Plaintiff filed a motion to cancel the foreclosure sale, and an order was

---

[1] A district court may consider a document outside of a Complaint, when deciding a motion to dismiss, without converting the motion into one for summary judgment only if the attached document is: (1) central to one of the claims, and (2) undisputed, meaning that the authenticity of the document is not challenged. *See Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002). Here, the Court finds that the state court docket from the foreclosure case between the parties is central to Plaintiff's claim, and no dispute exists.

entered rescheduling the sale on March 17, 2015. On March 31, 2015, Plaintiff filed an objection to the sale. Plaintiff then filed a Notice of Removal in state court on May 13, 2015, which was docketed as the instant complaint the same day. *See* ECF No. [1]. The state court overruled Plaintiff's objection to the sale on May 14, 2015. This Court previously denied Defendant Nationstar's Motion to Remand, finding that Plaintiff's initial pleading was intended as an original complaint, and not as an attempt to remove the state court action to this forum. *See* ECF No. [9].

Plaintiff's Complaint seeks injunctive, declaratory and monetary relief, pursuant to the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, "Florida's Unfair Credit Practices and Consumer Protection Law," and "Florida's Fair Credit Extension Uniformity Act," ECF No. [1] at 6, which the Court construes as an attempt to describe the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.201, *et seq*.

## II.     Legal Standard

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "To survive a motion to dismiss a complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002). While the Court is required to accept all of the allegations contained in the complaint and exhibits attached to the pleadings as true, this tenet is inapplicable to legal conclusions. *Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cnty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006) ("When considering a motion to dismiss . . . the court limits its consideration to the pleadings and all exhibits attached thereto.") (internal quotation marks omitted). *Pro se* litigants are afforded a relaxed pleading standard. *See Abele v. Tolbert*, 130 F. App'x 342, 343 (11th Cir. 2005).

Finally, the Court has the obligation to answer questions as to the existence of subject matter jurisdiction *sua sponte*. *See Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 740 (1976); *Arthur v. Haley*, 248 F.3d 1302, 1303 n.1 (11th Cir. 2001).

**III.   Analysis**

Defendant Thomas Capasso's Motion to Dismiss asserts that dismissal is warranted based on the *Rooker-Feldman*[2] doctrine, as does Defendant Nationstar's Motion to Dismiss, in part. The remaining grounds for dismissal in Defendant Nationstar's Motion is based on the applicability of *res judicata*, and that Plaintiff's Complaint fails to state a claim under the FDCPA and the remaining statutes cited therein. Plaintiff's Motion urges the Court to enter an

---

[2] *Rooker v. Fid. Trust. Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983).

"Order of Temporary Restraining and/or . . . Stay preventing any further wrongful acts in the Lower Court until Plaintiff's Federal lawsuit merits have been heard." ECF No. [26] at 5. The Court will address each of these arguments below.

### a. The applicability of the *Rooker-Feldman* doctrine

The *Rooker-Feldman* doctrine provides that federal district courts have "no authority to review final judgments of a state court," *Nicholson v. Shafe*, 558 F.3d 1266, 1271 (11th Cir. 2009), "because that task is reserved for state appellate courts, or as a last resort, the United States Supreme Court." *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009). "The Supreme Court has reiterated that the scope of the doctrine is narrow and is 'confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Lozman v. City of Riviera Beach, Fla.*, 713 F.3d 1066, 1072 (11th Cir. 2013) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). The *Rooker-Feldman* analysis is a two-part inquiry: first, whether the state court proceedings have ended, and second, whether the plaintiff's claims are "inextricably intertwined" with the state court judgment. *See Velazquez v. South Fla. Fed. Credit Union*, 546 F. App'x 854, 856-57 (11th Cir. 2013).

### i. Whether the state court proceedings have ended

In order for *Rooker-Feldman* to apply, the state court proceedings must end, which occurs in three scenarios:

> (1) when the highest state court in which review is available has affirmed the judgment below and nothing is left to be resolved, (2) if the state action has reached a point where neither party seeks further action, and (3) if the state court proceedings have finally resolved all the federal questions in the litigation but state law or purely factual questions (whether great or small) remain to be litigated.

*Nicholson*, 558 F.3d at 1275 (quoting *Federacion de Maestros de Puerto Rico v. Junta de Relaciones del Trabajo de Puerto Rico*, 410 F.3d 17, 21 (1st Cir. 2005)).  Determining the issue of whether the state court proceedings have ended requires examining the state of the proceedings "at the time the plaintiff commences the federal court action." *Id*. at 1279.

Here, Plaintiff commenced the instant federal action on May 13, 2015.  The first *Nicholson* scenario does not apply because the Third District Court of Appeal, not the Florida Supreme Court, dismissed Plaintiff's state appeal. *See Velazquez v. South Fla. Fed. Credit Union*, 546 F. App'x 854, 857 (11th Cir. 2013) ("In this case, the first test has not been satisfied. Under Florida Rule of Appellate Procedure 9.030(a)(2)(A), the Florida Supreme Court has discretionary jurisdiction over the case. The highest state court to affirm the trial court in this case was the Third District Court of Appeal, meaning that the highest state court available did not affirm the judgment below.").  Also, the second *Nicholson* scenario does not apply because, at the time Plaintiff filed the instant federal action, Plaintiff (as the defendant in the underlying case) filed an objection to the sale and transfer of title, which was not ruled upon until one day after the instant action was filed, and the parties proceeded with filings after the instant federal action was filed.  *Cf. Velazquez*, 546 F. App'x at 858 ("Because there was nothing pending in state court at the time district court proceedings began, nor was anything filed in state court after that time, there was never parallel litigation in this case.").

However, the third *Nicholson* scenario does apply.  At the time Plaintiff filed the instant federal action, the only issue remaining was the disposition of the foreclosure sale and transfer of title. *See* ECF No. [15-1]. Furthermore, all attempts to seek relief after the filing of the instant federal action constituted collateral attacks on the state court judgment, which did not involve

5

any federal questions needing resolution.  The record does not indicate that after May 13, 2015, any federal questions remained to be litigated in the state court proceeding.

> ii. Whether Plaintiff's claims are "inextricably intertwined" with the state-court judgment

A federal claim is "inextricably intertwined" with a state-court judgment: "(1) where the success of the federal claim would effectively nullify the state-court judgment; and (2) where the federal claim succeeds only to the extent that the state court wrongly decided the issues." *Figueroa v. Merscorp, Inc.*, 766 F. Supp. 2d 1305, 1316 (S.D. Fla. 2011) (quoting *Springer v. Perryman*, 401 F. App'x 457, 458 (11th Cir. 2010)). *See also Casale*, 558 F.3d at 1260.

"District courts in the Eleventh Circuit have recognized a distinction between FDCPA claims seeking to overturn state court judgments and FDCPA claims seeking to hold defendants liable for violations of the statute occurring during collection efforts preceding any judgment." *Collins v. Erin Capital Mgmt, LLC*, 991 F. Supp. 2d 1195, 1203 (S.D. Fla. 2013) (citing cases). *See also id.* at 1203-04 ("This approach is consistent with the law in other circuits.") (citing cases). However, this distinction does not permit claims couched in terms of the FDCPA that, in effect, seek to vacate the state court's judgment. This applies not only to the aspects of the state court's judgment which upheld the validity of the debt, but also to claims which a plaintiff had a reasonable opportunity to raise in the state proceedings, e.g., claims "he would have been permitted to raise [] as a defense." *Id.* at 1204 (citing *Harper v. Chase Manhattan Bank*, 138 F. App'x 130, 133 n.2 (11th Cir. 2005) ("TILA . . . and FDCPA claims are brought in Florida courts.")).

In the Complaint, Plaintiff alleges violations of the FDCPA and FDUTPA, and seeks to "[v]acate and stay the foreclosure until all issues in dispute are resolved," declaratory relief, actual and statutory damages, and fees and costs.  The attempt to use the FDCPA and FDUTPA

as a basis to vacate and stay the foreclosure action falls squarely within the province of *Rooker-Feldman* because it seeks relief from this Court which requires adjudging that the state court's final judgment of foreclosure was invalid. *See Velazquez*, 546 F. App'x at 858 ("He alleges fraud upon the court; in reality, he objects because the state appellate court was not persuaded by his evidence of fraud and because it did not sanction opposing counsel. In short, Velazquez is seeking reversal of the state courts' decisions."). Thus, to the extent Plaintiff's Complaint is a collateral attack on the state court findings, and the causes of action all relate to the state claims, *Rooker-Feldman* precludes the Court from considering Plaintiff's claims. The motions to dismiss must, accordingly, be granted as to Plaintiff's request to vacate and stay the state foreclosure action.[3]

### b. Whether Plaintiff's Complaint states a claim under FDUTPA and the FDCPA

The FDCPA provides that:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (1) the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

15 U.S.C. § 1692f(1). Also, the FDCPA provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. "The false representation of (A) the character, amount, or legal status of any debt; or (B) any services rendered or compensation which may be lawfully received by

---

[3] As the Court is dismissing Plaintiff's request to vacate and stay the state foreclosure action based on the *Rooker-Feldman* doctrine, the Court need not address Defendant Nationstar's *res judicata* argument because it is premised upon Plaintiff's Complaint as it pertains to the impropriety of the foreclosure and that the foreclosure judgment should be vacated.

any debt collector for the collection of a debt" also constitute violations of the FDCPA. 15 U.S.C. § 1692e(2).

FDUTPA prohibits unfair or deceptive acts or practices "in the conduct of any trade or commerce." Fla. Stat. § 501.204(1). The statute defines "trade or commerce" as "the advertising, soliciting, providing, offering, or distributing, whether by sale, rental, or otherwise, of any good or service, or any property, whether tangible or intangible, or any other article, commodity, or thing of value, wherever situated." Fla. Stat. § 501.203(8).

The Court finds that Plaintiff's Complaint contains numerous recitals of "'naked assertion[s]' devoid of 'further factual enhancement,'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)), and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," which "do not suffice." *Iqbal*, 556 U.S. at 678. While Plaintiff's Complaint does allege denials of requests for a full and accurate accounting and reinstatement of payments, *see* ECF No. [1] at 5, and that Defendants used Plaintiff's telephone "as a means of harassment . . . with the intent to annoy Plaintiff," *id.* at 13, the Complaint does not indicate the nature of any correspondence between Plaintiff and Defendants, in addition to which Defendant was responsible for which acts complained of. *See Joseph v. Bernstein*, No. 13-24355-CIV, 2014 WL 4101392, at *3 (S.D. Fla. Aug. 19, 2014) ("When a complaint indiscriminately lumps all defendants together it fails to comply with Rule 8.") Plaintiff's FDCPA and FDUTPA claims are accordingly due to be dismissed without prejudice because they fail to give each defendant fair notice of the nature of the claim and grounds on which the claim rests. *See id*.

### IV.     Plaintiff's Emergency Motion for a Temporary Restraining Order or Stay

Plaintiff requests the Court to enter an "Order of Temporary Restraining and/or . . . Stay preventing any further wrongful acts in the Lower Court until Plaintiff's Federal lawsuit merits have been heard."  ECF No. [26] at 5.  Plaintiff further brings the Court's attention to the fact that a hearing on a writ of possession in the foreclosure proceeding is scheduled for July 22, 2015.  *See id.* at 1.  For the reasons set forth above regarding the *Rooker-Feldman* doctrine, the Court is without jurisdiction to do so.

### V.     Conclusion

Being fully advised, it is **ORDERED AND ADJUDGED** that:

1. Defendants' Motions to Dismiss, **ECF Nos. [15] and [18]**, are **GRANTED**.

2. Plaintiff's Emergency Motion for a Temporary Restraining Order and/or Stay, **ECF No. [26]**, is **DENIED**.

3. Plaintiff shall file an Amended Complaint, consistent with this Order, **on or before July 31, 2015**.  The failure to do so or show cause will result in dismissal of this case without prejudice and without further notice.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 21st day of July, 2015.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record

       Moshe Naftali, *Pro Se*
       120 NW 83rd Way
       Coral Springs, FL 33071